NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN HAMMLER, | No. 20-15675 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01949-MCE-DB |
| v. | |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM* |
| Defendants, | |
| and | |
| SCOTT KERNAN, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Allen Hammler appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Hammler's action as duplicative because it is based on the same factual allegations as those in *Hammler v. Kernan, et al.*, 19-cv-00497-DAD-SAB. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) (explaining that in determining whether an action is duplicative, courts examine "whether the causes of action and relief sought, as well as the parties or privities to the action, are the same"), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (duplicative complaints can be dismissed as "abusive" under 28 U.S.C. § 1915(e)).

Appellee's motion for judicial notice (Docket Entry No. 40) is granted.

Hammler's motion for immediate action (Docket Entry No. 47) is denied.

**AFFIRMED.**